**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 6 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN CHAPETA-AJTZALAM, AKA Juan Ajtzalam Chapeta, AKA Juan Ajzalam Chapeta, AKA Juan Chapeta, AKA Juan A. Chapeta, | No. 14-71028 |
| | Agency No. A205-720-527 |
| Petitioner, | MEMORANDUM* |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2017**

Before:     THOMAS, Chief Judge, and SILVERMAN and RAWLINSON,
Circuit Judges.

Juan Chapeta-Ajtzalam, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Thus, Chapeta-Ajtzalam's request for oral argument is denied.

from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's conclusion that Chapeta-Ajtzalam failed to establish that he was or would be persecuted in Guatemala on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). We reject his contention that the BIA applied an incorrect legal standard. Further, we lack jurisdiction to consider the particular social group Chapeta-Ajtzalam presents for the first time in his opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust claim in administrative proceedings below). Thus, his asylum claim fails.

In this case, because Chapeta-Ajtzalam failed to establish eligibility for asylum, he failed to satisfy the standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence also supports the agency's determination that

14-71028

Chapeta-Ajtzalam failed to establish that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Alphonsus v. Holder*, 705 F.3d 1031, 1049 (9th Cir. 2013).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**